UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JORGE SANDOVAL AUDEVES,

Petitioner,

v.

TODD BLANCHE, *et al.*,

Respondents.

Case No. 2:26-cv-02063-MMD-MDC

ORDER

## I. SUMMARY

Petitioner Jorge Sandoval Audeves, an immigration detainee challenging his ongoing federal detention at Nevada Southern Detention Center, filed a counseled first amended federal habeas corpus petition under 28 U.S.C. § 2241 (ECF No. 8 (“Petition”))[1] and an application to proceed *in forma pauperis* (“IFP”) (ECF No. 7.). Because the available evidence and Sandoval Audeves’ representations indicate that he was detained solely based on his immigration status and was not afforded an initial individualized custody determination, the Court finds that Sandoval Audeves’ Fifth Amendment due process rights have been violated. For these reasons and the reasons stated below, the Court grants the Petition and orders Sandoval Audeves released.[2] The Court also finds good cause exists to grant Sandoval Audeves’ application to proceed IFP.

## II. RELEVANT BACKGROUND

Sandoval Audeves is a citizen of Mexico and first came to the United States when

[1]Respondents filed a response (ECF No. 16) and Petitioner replied (ECF No. 17).

[2]Petitioner also argues that he was denied a constitutionally adequate bond hearing because the immigration judge abused its discretion. (ECF No. 8 at 2.) Because the Court grants the Petition based on Sandoval Audeves’ initial custody determination, the Court declines to address this argument.

he was a child. (ECF No. 8 at 4.) He later entered the United States on a B-2 visitor visa that was valid until June 27, 2022. (ECF No. 6-1 at 9.) Sandoval Audeves was later arrested in connection with a domestic incident. (*Id.*) The charges were dismissed, but Sandoval Audeves was immediately transferred to Immigration and Customs Enforcement ("ICE") custody upon his release on June 10, 2026, where he has remained. (ECF No. 8 at 5.)

When he was initially detained by ICE, Sandoval Audeves was provided with a Form I-286 Notice of Custody Determination. (ECF No. 6-1 at 6.) That form states only that "[p]ursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that, pending a final administrative determination in your case, you will be . . . [d]etained by the Department of Homeland Security." (*Id.*) In his Petition, Sandoval Audeves states that he was "told that he was being detained by ICE because he overstayed his visa." (ECF No. 8 at 5.) Sandoval Audeves requested review of his custody determination by an immigration judge ("IJ"), and he received a bond redetermination hearing on June 30, 2026. (*Id.*) The IJ denied bond, finding that Sandoval Audeves had not demonstrated he was not a danger to the community. (ECF No. 8-1 at 2.)

## III. DISCUSSION

### A. Administrative Exhaustion

Respondents argue that the Petition should be denied because Sandoval Audeves has not exhausted his administrative remedies, citing to *Leonardo v. Crawford* 646 F.3d 1157 (9th Cir. 2011). (ECF No. 16 at 2.). The Court rejects Respondents' argument and grants Petitioner waiver of the prudential administrative exhaustion requirement.

"Administrative exhaustion can be either statutorily required or judicially imposed as a matter of prudence." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (citation omitted). "Where Congress specifically mandates, exhaustion is required. But where Congress has not clearly required exhaustion, sound judicial discretion governs." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). Section 2241 contains no statutory

exhaustion requirement. *See* 28 U.S.C. § 2241. Administrative exhaustion is therefore not jurisdictional but rather prudential in Section 2241 immigration detention habeas proceedings. *See Laing v. Ashcroft*, 370 F.3d 994, 997-98 (9th Cir. 2004). Consequently, courts have the authority to waive the administrative exhaustion requirement under certain circumstances. *See id.* at 1000. In *Leonardo v. Crawford*, the Ninth Circuit held that "[w]hen a petitioner does not exhaust administrative remedies [with the BIA], a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies*, unless exhaustion is excused*." 646 F.3d at 1160 (emphasis added). Moreover, the *Leonardo* Court references "factors a court should consider when deciding *whether to excuse the prudential* exhaustion requirement in a particular case." *Id.* (citations omitted) (emphasis added). In *Leonardo*, the Ninth Circuit only remanded with instructions to dismiss for failure to exhaust because the petitioner there did not "demonstrate[] grounds for excusing the exhaustion requirement." *Id.*

Various situations merit waiver of administrative exhaustion, "such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing*, 370 F.3d at 997-98 (quoting *S.E.C. v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 (9th Cir.1981)). The Court finds that the irreparable harm exception applies here. The Supreme Court held that waiver of prudential administrative exhaustion is appropriate "[e]ven where the administrative decisionmaking schedule is otherwise reasonable and definite, [if] a particular plaintiff may suffer irreparable harm if unable to secure immediate judicial consideration." *McCarthy*, 503 U.S. at 146-49. Unlawful detention "constitutes extreme or very serious damage, and that damage is not compensable in damages." *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017). Sandoval Audeves has been detained since June 2026. The Court agrees that "with each day that passes as [Petitioner] remains unlawfully detained, he suffer irreparable harm." (ECF No. 17 at 8); *see also Doroteo-Chavez v. Noem, et al.,* No. 2:26-cv-00049-RFB-DJA, 2026 WL 1031190, at *6 (D. Nev. Apr. 16, 2026) ("[R]equiring Petitioner to remain

in detention pending the BIA's decision would cause irreparable harm, which is a separate basis to waive exhaustion." (citing *Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013))).

**B. Initial Custody Determination Due Process Requirements**

Sandoval Audeves argues that his initial custody determination violated his due process rights because he was not provided notice of the reasons for his detention and was not afforded an individualized determination. He argues that there is no evidence he was "afforded the opportunity to demonstrate that his release would not pose a danger to the property or persons and that he is not a flight risk" as required by 8 C.F.R. § 236.1. (ECF No. 8 at 9.) Respondents did not address this argument in their response. (*See generally* ECF No. 16.)

When a noncitizen is first detained, he is entitled to an initial, individualized custody determination. This requirement flows from 8 C.F.R. § 236.1(c)(8), which provides that "[a]ny officer authorized to issue a warrant of arrest may, in the officer's discretion, release an alien . . . provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." This requirement has been confirmed by the Ninth Circuit, which has described this initial process as an "individualized custody determination" which involves "evaluating [the noncitizen's] 'likelihood of appear[ing] for any future proceedings' and potential 'danger to property or persons.'" *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022) (quoting 8 C.F.R. § 1236.1(c)(8)); *see also Pastrana-Beltran v. Mullin*, No. 26-CV-2657, 2026 WL 1398609, at *2 (E.D.N.Y. May 19, 2026) ("[S]ection 1226(a) affords [a noncitizen] an initial custody determination *before* exercising discretionary detention that entails an assessment of whether he can demonstrate that he is neither a danger to persons or property, nor a flight risk."); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 493 (S.D.N.Y. 2025) ("Reading § 1226(a) as requiring an initial detention decision by DHS is the only way to make sense of the broader statutory and regulatory scheme, which provides for an opportunity to appeal a detention

decision to an immigration judge who then conducts their own assessment of the noncitizens' flight risk and dangerousness, among other factors.").

Here, there is no evidence in the record indicating that Sandoval Audeves had an opportunity to demonstrate that he was not a danger and did not pose a flight risk. (*See* ECF No. 8 at 9.) The only available record regarding his initial custody determination is his I-286 form, which does not provide any information about the reason for his detention or any indication that the officer considered Sandoval Audeves' dangerousness or risk of flight. (*Id.*) In fact, Sandoval Audeves states that he was informed that he was detained because he overstayed his visa (*id.*), which alone is insufficient to demonstrate dangerousness or risk of flight. *See Dos Reis v. McShane*, No. CV 26-3775, 2026 WL 1746649, at *4 (E.D. Pa. June 17, 2026) ("Reliance on status alone amounts to a per se determination that comports not with 1226(a), but with [the Government's] desired policy of detention." (internal quotes omitted)); *Torres Guevara v. Warden of Fed. Det. Ctr. Phila.*, No. CV 26-7077, 2026 WL 2838542, at *2 (E.D. Pa. Sept. 22, 2026) ("The requirement that the custody determination be 'individualized' precludes assessments based solely on immigration status.").

Because Respondents failed to respond to Petitioner's due process argument, the Court credits Sandoval Audeves' representation that he was not provided with any other reason for his detention besides his legal status, and therefore that his initial custody determination was not sufficiently individualized pursuant to the requirements of 8 C.F.R. § 236.1(c)(8). This initial, individualized custody determination is an important procedural safeguard. Therefore, in being denied an individualized determination the Court finds that Sandoval Audeves' due process rights were violated. *See Dos Reis*, 2026 WL 1746649, at *5 (finding that a petitioner's due process rights were violated when they were detained based on immigration status alone).

To the extent that Sandoval Audeves' bond redetermination hearing *could have* cured this due process violation, the Court finds that Respondents waived this argument by failing to respond. *See, e.g.*, *United States v. Orozco*, 858 F.3d 1204, 1210 (9th Cir.

2017) (explaining that the court need not address an argument "because the U.S. Attorney waived this argument by failing to address it in his answering brief"); *Melendez Paz v. Mullin*, No. 2:26-CV-00296-RFB-MDC, 2026 WL 1194944, at *3 (D. Nev. May 1, 2026) (finding that Respondents waived their defense to Petitioner's as applied due process challenge that Petitioner could be subject to mandatory detention where Respondents failed to "provid[e] a sufficient record on th[e] issue"). Moreover, several courts have concluded that "deprivation of an alien's liberty is, in and of itself, irreparable harm." *Sajous v. Decker*, 18-cv-2447, 2018 WL 2357266, at *12 (S.D.N.Y. May 23, 2013) (quotation marks and alterations omitted); *Velesaca v. Decker*, 458 F. Supp. 3d 224, 241 (S.D.N.Y. 2020) ("[T]he fact that Plaintiffs may seek review by an IJ of their initial bond determination does nothing to mitigate the harm to Plaintiffs in the time they are in detention awaiting review."); *R.I.L-R v. Johnson*, 80 F.Supp.3d 164, 185 (D.D.C. 2015) ("While it is true that an alien who is denied release by ICE may seek *de novo* review of that denial from an immigration judge, . . . potential redetermination ignores the fact that it occurs weeks or months after ICE's initial denial of relief. It thus offers no adequate remedy for the period of unlawful detention [Petitioners] suffer *before* receiving this review—the central injury at issue in this case."). As such, the Court concludes that, in this case, Sandoval Audeves' bond redetermination hearing was insufficient to cure the due process violations that occurred during his initial custody determination.

## IV. REMEDY

A district court has equitable discretion "as law and justice require" in remedying unlawful detention in habeas petitions. *Ramirez Brown v. Davenport*, 596 U.S. 118, 127-28 (2022). Having determined that Petitioner's detention violates his due process rights, the proper remedy here is release. The "typical remedy" for "unlawful executive detention" is release. *Munaf v. Geren*, 553 U.S. 674, 693 (2008). Release is particularly warranted here, where a later immigration court bond hearing does not provide an adequate remedy for the unconstitutional initial deprivation. *See Lopez Benitez*, 795 F. Supp. 3d at 497 ("[G]iven the nature of the constitutional violation [Petitioner] sustained here—*i.e.*,

Respondents' failure to conduct any kind of individualized assessment *before* detaining him—any post-deprivation review by an immigration judge would be inadequate.").

## V. CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Petition.

It is therefore ordered that Sandoval Audeves' Petition (ECF No. 8) is granted. Respondents must immediately release Sandoval Audeves no later than 5:00 PM on Friday, October 9, 2026, subject to reasonable terms of supervision. *See* 8 U.S.C. §§ 1231(a)(6), (a)(3). Determining reasonable terms of supervision shall not in any way impede the immediate release of Sandoval Audeves.

It is further ordered that the parties shall file a joint status report by Tuesday, October 13, 2026 confirming Respondents' compliance with this Order.

It is further ordered that Sandoval Audeves' application to proceed IFP (ECF No. 7) is granted.

The Clerk of Court is instructed to enter judgment in accordance with this order and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case.

DATED THIS 8th Day of October 2026

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE